**THE ATTORNEY GENERAL**
**OF TEXAS**
GERALD C. MANN         AUSTIN 11, TEXAS
XXXXXXXXXXXXXXXXXXXXXXXXXXXX
**ATTORNEY GENERAL**


Hon. Walter C. Woodward, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:          Opinion No. O-2166
                 Re: Is the Texas Home Life Insurance Com-
                     pany of Palestine, Texas, operating
                     a burial association in violation of
                     Sec. 23, S.B. 135?

                     And related questions.

Your request for an opinion of this department on the questions as are herein stated, has been received.

We quote the questions submitted in your inquiry as follows:

"I. Is the Texas Home Life Insurance Company of Palestine, Texas operating a burial association in violation of Sec. 23 of Senate Bill 135?

(A) Are the provisions of Section 31, Senate Bill 135 applicable to such operation?

"II. Is the Sanders-McCullough Funeral Home operating a burial association in violation of Section 23 of Senate Bill 135?

(A) Are the provisions of Section 31 of Senate Bill 135, applicable to such operation?

"III. Is the Texas Home Life Insurance Company violating the provisions of Article 578 of the Penal Code in issuing certificates with the Funeral Service Plan included to some members and not issuing it to others, both of which are 'of the same class' and pay the same premium rate?"

Section 23 of Senate Bill 135, Acts Forty-sixth Legislature, reads as follows:

"Any individual, individuals, firms, co-part-nerships, corporations or associations doing the

business of providing burial or funeral benefits, which under any circumstances may be payable partly or wholly in merchandise or service, not in excess of One Hundred and Fifty ($150.00) Dollars, or the value thereof, are hereby declared to be burial companies, associations or societies, and shall organize under provisions of Chapter 274, Act of the Forty-first Legislature, 1929, and amendments thereto; and shall operate under and be governed by Chapter 274, Acts of the Forty-first Legislature, 1929, and amendments thereto, and this Act. It shall be unlawful for any individual, individuals, firms, co-partnerships, corporations, or associations, other than those defined above, to engage in the business of providing burial or funeral benefits, which under any circumstances may be paid wholly or partly in merchandise or services."

Section 31 of Senate Bill 135, provides that:

"If any director, officer, agent, employee or attorney at law or attorney in fact or any association under this Act, or any other person, shall violate any of the provisions of this Act, not specifically set out in Sections 26, 27, 28, and 29 of this Act, he shall be punished by fine not to exceed Five Hundred ($500.00) Dollars, or by imprisonment in the county jail not to exceed six (6) months, or by both such fine and imprisonment."

Article 578, Vernon's Penal Code, reads, in part, as follows:

"No insurance company doing business in this State shall make or permit any distinction or discrimination in favor of individuals between the insured of the same class and of equal expectation of life in the amount of or payment of premiums or rates charged for policies of life or endowment insurance or in the dividends or other benefits payable thereon; nor shall any such company or agent thereof make any contract of insurance or agreement as to such contract other than as expressed in the policy issued thereon, * *any officer, agent and such company violating any provision of this article shall be fined not less than one hundred dollars."

We quote from your letter as follows:

"* * * *

"The Sanders-McCullough Funeral Home of Bryan,
Texas, a corporation, is operating a funeral home
and/or undertaking business.  In conjunction with
such business the Sanders-McCullough Funderal Home
has inaugurated and operated what is known as the
Sanders-McCullough Funeral Service Plan in Bryan,
Texas and vicinity.  This Plan is operated with the
cooperation of and in conjunction with the Texas
Home Life Insurance Company, a local mutual aid in-
surance association, with home  office located at
Palestine, Texas.  According to the principals,
there is no contract or agreement between the fun-
eral home and the insurance association other than
that which springs from a mutually profitable enter-
prise.  (The insurance association profits from the
increased volume of insurance business and the funer-
al home profits from an increase in the undertaking
business.)  Incidentally, the Manager of the Funeral
Home is a licensed agent of the Insurance Company.

"The Sanders-McCullough Funeral Service Plan
is advertised extensively in the Bryan, Texas sec-
tion through the medium of newspapers, mail, circu-
larization in public places, personal solicitation
and otherwise.  All expenses of such advertising
has been paid for by the Texas Home Life Insurance
Company with the knowledge and consent of the Sanders-
McCullough Funeral Home.

"The Plan is submitted to individuals by li-
censed agents of the Insurance Company, including
the Manager of the Funeral Home, in the form of a
standard cash benefit policy to which is attached
a rider, the contents of which are:

"'SANDERS-McCULLOUGH FUNERAL SERVICE PLAN
of the
Texas Home Life Insurance Company,
Palestine, Texas

'THIS IS TO CERTIFY THAT:
The SANDERS-McCULLOUGH FUNERAL HOME of Bryan, Texas
(hereinafter designated as Servicers) agrees to pro-
vide funeral services and merchandise, since benefits
are payable in cash and additional cost incident to
credit are eliminated, of a reasonable value of ____
for each $____cash benefits provided for upon the
death of any of the persons insured under the policy

of insurance issued by the Texas Home Life Insurance
Company, Palestine, Texas to which policy this Certi-
ficate is attached.  SINCE CASH BENEFITS FOR THE DEATH
OF CHILDREN UNDER FIVE YEARS OF AGE ARE REDUCED, SERV-
ICES AND MERCHANDISE TO BE RENDERED, SHALL BE IN PRO-
PORTION TO THE ABOVE.

'The Services and Merchandise provided for herein
shall consist of a CASKET, OUTSIDE CONTAINER,  EM-
BALMING IF DESIRED, FUNERAL COACH, FAMILY CAR, PROF-
FESSIONAL SERVICE, USE OF CHAPEL, PROPER CLOTHING,
AND OTHER SERVICES AND ATRICLES NECESSARY AND CUS-
TOMARILY FURNISHED BY REPUTABLE FUNERAL HOMES FOR
FUNERALS OF THIS TYPE.

'This Certificate is issued for and in consideration
of an assignment by the beneficiary, acceptable to
the Services, of the benefits payable under Policy
No._____of the Texas Home Life Insurance Company
and is subject to all the benefits, provisions and
conditions of said policy.  This Certificate shall
not take effect or be binding upon the Servicers un-
less all of the Insureds are alive and in good health
at the time of its delivery to the person designated
to receive same.

'Issued this the___day of_____, 19____.

                    'SANDERS-McCULLOUGH FUNERAL HOME
                              Bryan, Texas

'SEAL               This Service Available Only
                              at
                  SANDERS-McCULLOUGH FUNERAL HOME
                        502 W. 26th Street
                          Bryan, Texas

                        IN EVENT OF DEATH
                  Phone Bryan 123  Collect
                      Day    or    Night'

        Under the above mentioned facts the funeral serv-
ice and merchandise under the said Funeral Service Plan
are always $50.00 greater invalue than the cash benefits
provided for in the certificate, except as to $100.00 pol-
icies in which event the services and merchandise is a $25.00
greater value than cash. At the time the policy or certificate is

issued, the Sanders-McCullough Funeral Service Plan rider is attached to the policy and is delivered to the member as one instrument. The plan contemplates that all premiums will be paid at the funeral home and then transmitted to the Texas Home Life Insurance Company, and that all claims under the certificate will be filed at the funeral home. The premium rate for the certificate is the same rate that is charged to other members of the Texas Home Life Insurance Company in other sections of the State not covered by the Sanders-Mc-Cullough Funeral Service Plan.

The Sanders-McCullough Funeral Home agrees to provide funeral services and merchandise, since benefits are payable in cash and additional costs incident to credit are eliminated of a reasonable value of _____ for each $____ cash benefits provided for upon the death of any of the persons insured under the policy of insurance issued by the Texas Home Life Insurance Company, to which the above mentioned certificate is attached. The services and merchandise provided for are described.

Neither the Texas Home Life Insurance Company nor the Sanders-McCullough Funeral Home is licensed as a burial association under the provisions of S.B. 135, Acts of the Forty-sixth Legislature. Benefits under the plan may be, or are payable either wholly or in part in funeral services and merchandise. Benefits and funeral services and merchandise are $50.00 greater in value than cash benefits under the same certificate and benefits under the plan may be and are in excess of $150.00, except as above noted. All members of the Texas Home Life funeral service plan although the premium rates for membership are the same with or without the plan.

The Funeral Service Plan Certificate is attached to the insurance policy and becomes a part thereof. The above mentioned insurance company and the funeral home are together, contracting and doing the business of providing burial or funeral benefits, which may be payable partly or wholly in merchandise or service.

In view of the foregoing facts and the definition of burial companies, associations or societies as defined in Section 23, Art. 5068-1, supra, you are respectfully advised that it is the opinion of this department that the Texas Life Home Insurance Company of Palestine, Texas and the Sanders-McCullough Funeral Home are operating as a burial association in violation of Section 23 of Senate Bill 135, Acts of the Forty-sixth Legislature.

The provisions of Section 31, Senate Bill 135, Acts of Forty-sixth Legislature are applicable to both the Texas

Home Life Insurance Company and the Sanders-McCullough Funeral Home.

With reference to your third question, you are respectfully advised that it is our opinion that the Texas Home Life Insurance Company is violating the provision of Article 578, Penal Code, supra, in issuing certificate with the Funeral Service Plan to some members and not issuing it to others, both of which are "of the same class" and pay the same premium rate. There should be no distinction or discrimination between the insured of the same class where the payment of premium or rates charged are the same. In the above mentioned plan, the certificate with the Funeral Service Plan is available to some and not to others of the same class who pay the same premium or rate.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:ob:wc

APPROVED MAY 29, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman